IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TOKYO GWINNETT, LLC d/b/a      *
Tokyo Valentino,               *
                               *
     Plaintiff,                *
                               *
     -vs-                      *
                               *
GWINNETT COUNTY, GEORGIA,      *
                               *
     Defendant.                *

COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF AND DAMAGES

Nature of the Case

1.

Tokyo Valentino is a retail store that wishes to sell devices which are designed to stimulate human genitalia. When Tokyo Valentino informed Gwinnett County of this intention, the County threatened to revoke its business license.  With this verified complaint, Tokyo Valentino seeks an order (1) granting temporary, preliminary and permanent injunctive relief against the County from enforcing its adult entertainment laws against it, and from threatening to revoke its bushiness license based on perceived violations of those adult laws, (2) declaring that it is a lawful use under the County's existing ordinances, (3) awarding damages for infringing its rights, and (4) awarding reasonable attorney's fees and costs under 42

U.S.C. § 1988.

<u>Parties</u>

2.

Plaintiff Tokyo Gwinnett, LLC ("Tokyo Valentino") is a limited liability company organized under the laws of the State of Georgia in good standing which owns and operates a retail establishment at 1950 Pleasant Hill Road, Duluth, Georgia 30096.

3.

Defendant Gwinnett County ("the County") is a political subdivision of the State of Georgia, and it has the capacity to sue and be sued.

<u>Venue</u>

4.

All acts or omissions alleged in this complaint have occurred, or likely will occur, in the Northern District of Georgia and therefore venue is properly within this district under 28 U.S.C. § 1391(b)(2).

<u>Jurisdiction</u>

5.

Jurisdiction for this suit is conferred by 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen

of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6.

Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.  See also Fed. R. Civ. P. 65.

7.

Attorney's fees are authorized by 42 U.S.C. § 1988.

8.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

Regulatory Framework

The Adult Entertainment Codes

9.

The County regulates adult entertainment primarily under two ordinance schemes, which are found in the Gwinnett County Code of Ordinances: (1) Chapter 18, Article XI, §§ 18-291 through 18-306 ("the Adult Licensing Code"), and (2) Chapter 86, Article IV, §§ 86-70 through 86-85 ("the Adult Zoning Code").  (In this complaint, these codes are together

sometimes referred to as "the adult codes.")

10.

The adult codes contain the following relevant

definitions:

Adult bookstore means any commercial establishment
in which more than ten square feet of floor space
is used for the display or offer for sale of any
book or publication, film, or other medium which
depicts sexually explicit nudity or sexual conduct
by its emphasis on matter depicting, describing or
relating to specified sexual activities or
specified anatomical areas.

...

Adult entertainment establishment shall be defined
to include the following types of business:

...

(4) Any commercial establishment having a
    substantial or significant portion of its
    stock in trade, books, magazines or other
    periodicals, videotapes or movies or other
    reproductions, whether for sale or rent,
    which are distinguished or characterized by
    their emphasis on matter depicting,
    describing or relating to "specified sexual
    activities" as defined herein or "specified
    anatomical areas" as defined herein or having
    a segment or section comprising more than ten
    square feet of its total floor space, devoted
    to the sale or display of such material or
    which derives more than five percent of its
    net sales from the sale or rental of such
    material;

...

(6) Any adult motion picture theater, adult
    motion picture arcade, adult mini-motion
    picture theater, adult bookstore, adult
    video store, adult hotel, or adult
    motel, as defined herein;

...

<u>Adult video store</u> means any establishment having a
substantial or significant portion of its stock in
trade, video tapes or movies or other
reproductions, whether for sale or rent, which are
distinguished or characterized by an emphasis on
matter depicting, describing or relating to
specified sexual activities or specified
anatomical areas, or an establishment with a
segment or section, comprising five percent of its
total floor space, devoted to the sale or display
of such material or which derives more than five
percent of its net sales from videos which are
characterized or distinguished or relating to
specified sexual activities or specified
anatomical areas.[1]

Code §§ 18-292 & 86-71.

11.

Before any person desiring to operate an "adult
entertainment establishment" in the County may open under
the adult codes, they are required to obtain an adult
entertainment establishment license.  <u>See</u> §§ 18-293 & 86-72;
<u>see also</u> §§ 18-301(a)(1) & 86-80(a)(1).

12.

Before any person desiring to work at an adult
entertainment establishment in the County can begin
employment as an adult entertainer, they are required to

---

[1] Under § 18-352 of the Gwinnett County Code of
Ordinances, the County adopted a free-standing definition of
"video store" which seems to focus on regulating viewing
booths within such stores.  Because this definition includes
"adult video stores as defined in sections 18-292 and 86-71"
of the adult codes, Tokyo Valentino challenges § 18-352 only
if the County intends to rely on it.  <u>See</u> § 18-352(c).

obtain a permit from the County.  See §§ 18-296(b) & 86-75(b).  An employee of an adult bookstore need not obtain a permit under the adult codes.

13.

In addition to other grounds for denial, the adult codes prohibit the County from approving an application for an adult entertainment establishment license unless:

- "[t]he building, structure, equipment and location of the premises of the adult entertainment establishment as proposed by the applicant would comply with all applicable laws, including but not limited to health, zoning, distance, fire and safety requirements and standards";

- "[t]he proposed premises will be located at least the minimum distances set forth in this article from any residential use, church, school, public park or children's daycare facility or establishment licensed to sell alcoholic beverages or malt beverages and wine for consumption on the premises, or another adult entertainment establishment"; or

- "[t]he grant of such license will not cause a violation of and will not be in conflict with this article or any other law, ordinance or regulation, of Gwinnett County, the State of Georgia or the United States."

§§ 18-295(d)(5), (8) & (9) & 86-74(d)(5), (8) & (9).

14.

Under the adult codes, no adult entertainment establishment can "be located ... [i]n any zoning district

other than a C-2 or C-3 commercial district...."  §§ 18

-295(a)(4) & 86-75(a)(4).  And no adult entertainment

establishment can operate within 500 feet "of any parcel of

land upon which any establishment authorized to sell

alcoholic beverages or malt beverages and wine for

consumption on the premises is located."   §§ 18

-295(a)(3) & 86-75(a)(3).

15.

The adult codes prohibit certain "Conduct or

Activities," specifically:

(a) <u>Advertising without license</u>.  No person,
partnership, corporation or other entity
shall advertise or cause to be advertised an
adult entertainment establishment without a
valid adult entertainment establishment
license issued pursuant to this article.

(b) <u>Employment of minors or unpermitted persons</u>.
No adult entertainment establishment licensee
shall employ or contract with a person under
the age of 18 years or an adult entertainer
who has not obtained a permit pursuant to
this article.

(c) <u>Sale, consumption of alcohol</u>.  No adult
entertainment establishment licensee shall
serve, sell, distribute or suffer the
consumption or possession of any alcoholic
beverages, malt beverages or wine or
controlled substance upon the premises of the
licensee.

(d) <u>Contact between patrons, employees</u>.  No
dancing or other performance by an adult
entertainer at an adult entertainment
establishment shall occur closer than four
feet to any patron.  No patron, customer or
guest shall be permitted to touch, caress or

fondle any specified anatomical area of or
any part of the body or clothing of any adult
entertainer.  No patron shall directly pay or
give any gratuity to any adult entertainer.
No adult entertainer shall solicit any pay or
gratuity from any patron.

(e)   <u>Engaging in specified sexual activities
prohibited</u>.  No adult entertainer, other
employee, patron or other person at an adult
entertainment establishment shall be allowed
to engage in any specified sexual activity as
defined herein on the premises of any adult
entertainment establishment.

(f)   <u>Public indecency prohibited</u>.  No adult
entertainer, other employee, patron or other
person at an adult entertainment
establishment shall, while on the premises of
an adult entertainment establishment, commit
the offense of public indecency as defined in
O.C.G.A. § 16-6-8.

§ 18-297.

16.

Without requiring scienter, the adult codes provide a

penalty for any violation:

Any person violating any of the provisions of
Section 18-297 of this article shall be guilty of
a misdemeanor, punishable by a fine not to exceed
$1,000.00 per violation or by imprisonment for a
period not to exceed 60 days, or both.  Each day
of operation in violation of this Article shall be
deemed a separate offense.

§ 18-298; <u>see also</u> § 86-77.

17.

Apart from establishing criminal penalties against a

person who violates § 18-297, the Adult Licensing Code

provides that "[a]ny adult entertainment establishment

operated, conducted or maintained contrary to the provisions
of [The Adult Licensing Code] ... is hereby declared to be
unlawful and a public nuisance." § 18-299 (alteration
added); see also § 86-78 (providing same penalties).

<u>The Business Licensing Code</u>

18.

Article I of Chapter 18 of the Gwinnett County Code of
Ordinances regulates occupation taxes and regulatory fees,
and it is codified as Sections 18-1 through 18-47 ("the
Business Licensing Code.")

19.

Section 18-12 of the Business Licensing Code, which is
entitled "Each line of business to be identified on business
registration," provides:

> The business registration of each business
> operated in the County shall identify the line or
> lines of business that the business conducts. No
> business shall conduct any line of business
> without first having that line of business
> registered with the licensing and revenue office
> and that line of business being noted by the
> licensing and revenue office upon the business
> occupation tax certificate which is to be
> displayed by the business owner.

§ 18-12.

20.

A person or entity cannot operate an adult
entertainment establishment in the County without first
obtaining an occupation tax certificate under the Business

Licensing Code.

21.

The Business Licensing Code contains no deadlines on the Licensing and Revenue Manager's decision to issue an occupation tax certificate.  <u>See</u> § 18-28; <u>but see</u> § 18-29.

22.

Insofar as a decision to withhold (or deny the renewal of) an occupation tax certificate is appealable under the Business Licensing Code or any other ordinance, that appeal procedure places no deadline on the County to set an appeal hearing.  The appeal procedure also places the burden on the applicant to show that the decision to deny the business occupation tax certificate was in error.  It does not preserve the status quo pending judicial review, either.

<u>Facts</u>

<u>Tokyo Valentino prepares to open</u>

23.

In April 2015, Tokyo Valentino entered into a multi-year commercial lease agreement to operate a tobacco, apparel and novelty store at 1950 Pleasant Hill Road, Duluth, Georgia 30096 in unincorporated Gwinnett County ("the Premises").

24.

The Premises is located in a C-3 zoning district.

25.

In the spring of 2015, Tokyo Valentino began gathering those licenses and permits which it believed it needed to build-out the Premises for operating a retail tobacco, apparel and novelty store.

26.

In May, the Gwinnett County's Building Department issued a building permit (No. BLD2015-04230) to Tokyo Valentino for the Premises.

27.

Also in May, the County issued an occupation tax certificate (No. 2015013726) to Tokyo Valentino.

<u>Tokyo Valentino opens</u>

28.

Having obtained all licenses and permits needed to operate a retail tobacco, apparel and novelty store (i.e., a non-adult entertainment establishment), Tokyo Valentino opened for business to the public in early July.

29.

Tokyo Valentino is principally a tobacco and apparel store.  In addition to selling tobacco and tobacco-related products, Tokyo Valentino stocks and displays an assortment of clothing and accessories, including fishnet stockings, bras, panties, lace teddies, dresses, t-shirts, blindfolds,

boxers and shoes.

30.

Tokyo Valentino also stocks and displays an assortment of novelty items, including handcuffs, whips, cologne, perfume, gels, cremes, soaps, swings, and candles.

31.

In addition to displaying and selling the non-media items (¶¶ 29 & 30 above), Tokyo Valentino advertises, stocks and displays sexually explicit media ("the Media"). The Media (including DVDs and magazines) displayed and sold at Tokyo Valentino is non-obscene, constitutionally-protected erotic speech.

32.

Tokyo Valentino has taken great care to compile and isolate the Media to the back corner of the Premises, in an area comprising less than four square feet of the total floor space. It is unclear, however, whether the County considers this compilation to be a "substantial or significant portion of its stock in trade."

33.

Tokyo Valentino believes that providing this form of expressive communication to the public is a beneficial social activity which enhances individuals' conscious ability to assimilate and consider various issues involving

sexual candor and the interest in human sexuality that all
human beings have to a greater or lesser degree.  Tokyo
Valentino considers this expression to enhance the
appreciation of the human body, with an emphasis on the
consideration of popular contemporary concepts of physical
attractiveness and the stimulating and entertaining aspects
of same, which are clear characteristics of a normal and
healthy interest in human sexuality.

34.

Tokyo Valentino patrons are limited exclusively to
consenting adults, and persons under 18 years old are not
permitted on the Premises and are not permitted to buy any
products at the business.

Tokyo Valentino introduces Sexual Devices

and the County responds

35.

On June 8, 2015, Tokyo Valentino wrote to the County's
licensing and revenue division indicating that it intended
to add DVDs, magazines, and the like, which would contain
some sexually-explicit nudity.  In doing so, though, Tokyo
Valentino informed the County that it would limit this non-
obscene, erotic media to under 10 square feet of floor space
(and under 5% of total floor space), and that Tokyo
Valentino would likely not derive more than 5% of net sales

from videos which are characterized or distinguished, or relating to "specified sexual activities," or "specified anatomical areas," as defined in the County's ordinances.

36.

In its June 8 letter (received by the County on June 11), Tokyo Valentino also stated that it intended to stock, display, and advertise dildos, vibrators, and other devices commonly used to stimulate human genitalia ("Sexual Devices").

37.

On June 23, reacting to Tokyo Valentino's letter (and fearing that Tokyo Valentino might apply for an adult entertainment license if told by the County that it was considered an adult entertainment establishment), the County adopted "A Resolution To Facilitate a Study Concerning Regulation of Adult Entertainment Establishments Within Unincorporated Gwinnett County" ("the Resolution"). In the content-based Resolution, the County stated that its Department of Planning and Development "shall conduct and complete a study concerning the effects of adult entertainment" and present its findings to the board of commissioners in late August 2015.

38.

The Resolution, which is proclaimed "effective

immediately," also provides:

> It is further resolved that new applications for
> adult entertainment licenses shall not be
> accepted, nor shall new permits for adult
> entertainment establishments be issued, by the
> Gwinnett County Department of Planning and
> Development prior to August 27, 2015 unless this
> Resolution is rescinded by the Gwinnett County
> Board of Commissioners prior to that date.

Resolution No. 2015-0649.

39.

The next day, on June 24, in response to Tokyo

Valentino's June 8 letter, the County's Director of the

Department of Planning and Development, Bryan Lackey ("the

Director"), wrote to Tokyo Valentino stating that the

County's "Occupation Tax and Business Regulation Ordinance

requires that you provide the exact nature of the trade,

business, or profession for which the occupation tax

certificate is requested, along with the complete address of

the resident agent responsible for the business.  A review

of your application, in light of [Tokyo Valentino's June 8

letter] reveals that your application failed to meet these

two requirements."

40.

In his letter, the Director instructed Tokyo Valentino

to "submit an appropriate application correcting all

issues," or "we will be required to turn your application

over to the Gwinnett County Police Department to begin the

revocation procedures set forth under the Ordinance."

41.

Around July 1, 2015, along with a letter from its attorney, Tokyo Valentino hand-delivered a new occupation tax application to the County showing a new "Local Business Contact Person" and elaborating on the types of retail products that would be stocked, displayed, and advertised in the store.  (See Ex A at 4.)

42.

By letter dated July 7, 2015, the Director wrote to Tokyo Valentino (via its attorney), about the store's amended occupation tax certificate application.  (See Ex. A.)  In his letter, the Director stated that Tokyo Valentino's stated format required an adult entertainment license in order to sell Sexual Devices.

43.

In his July letter, the Director instructed Tokyo Valentino either (a) to again amend its application and exclude Sexual Devices as a type of product that the store would sell, or, (b) if Tokyo Valentino met all of the criteria in the County's ordinance, it could apply for and obtain an adult entertainment license, and then it could stock, display, and advertise Sexual Devices.

44.

Finally, in his July letter, the Director informed Tokyo Valentino that the County "currently has a moratorium in place on the issuance of [adult entertainment] licenses...."

<u>Tokyo Valentino's operation</u>

45.

The County's existing adult entertainment establishments have in no way caused any secondary effects within the County. Nor will Tokyo Valentino's continued operation cause a decrease in property values, an increase in criminal activity, or an acceleration in urban blight.

46.

Tokyo Valentino's business success is predicated, in part, on generating the public's interest in the expressive sexually-oriented print and electronic materials -- a format successfully and lawfully presented and used in numerous cities and counties throughout the United States.

47.

When the County threatened to revoke Tokyo Valentino's occupation tax certificate, it knew, or it should have known, that the police department plays no role in pursuing penalties for alleged violations of the Business Licensing Code.

48.

The arbitrary enforcement of the adult codes and the
Business Licensing Code is a thinly-veiled effort to thwart
or eliminate a business that purveys erotic media and sells
Sexual Devices in the County.  The County is acting in bad
faith.

49.

If the County's efforts continue, Tokyo Valentino will
suffer additional delay, lost profits and increased damage
to its goodwill.

50.

When the County adopted the adult codes and the
Resolution, it did not have before it any evidence showing
that a bookstore or video store -- without viewing booths --
that derives less than 5% of sale from sexually explicit
media, or that dedicates less than 10% of its floor space to
sexually explicit media, and which sells only take-home
products (including Sexual Devices) creates adverse
secondary effects.

51.

As a direct result of the County's arbitrary
enforcement of its unconstitutional legislation, Tokyo
Valentino is being restrained from enjoying the benefits of
its contractual relationships, and restrained from providing
to the adult public Sexual Devices and expressive media that

is sexually-oriented in nature.

<u>COUNT 1</u>

<u>42 U.S.C. § 1983: DUE PROCESS CLAUSE VIOLATIONS</u>

52.

Tokyo Valentino realleges each fact set forth in paragraphs 1 through 51 of this Complaint and incorporates them here by reference.

53.

The County's actions have deprived, and will continue to deprive, Tokyo Valentino of rights and liberty interests protected by the Fourteenth Amendment, in that, inter alia:

(a) §§ 18-292 & 86-71 (defining "Adult Bookstore," "Adult Entertainment Establishment," and "Adult video store") are impermissibly vague, both facially and as applied to Tokyo Valentino, because the definitions lack guidance and vest the County with unbridled discretion to enforce The Adult Licensing and Zoning Codes based upon subjective criteria and thus encourage discriminatory enforcement;

(b) §§ 18-295(d)(8) & 86-75(d)(8) (mandating that adult venues be located "at least the minimum distances set forth in this article from any residential use...") is impermissibly vague, both

facially and as applied to Tokyo Valentino, because "residential use" is not mentioned in the Adult Licensing or Zoning Codes, and therefore the reference lacks guidance and vests the County with unbridled discretion to enforce these adult codes based upon subjective criteria and encourages discriminatory enforcement;

(c)   by threatening to revoke Tokyo Valentino's occupation tax certificate based on perceived violations of the County's Adult Licensing and Zoning Codes, the County is acting arbitrarily and capriciously based on a distaste for Tokyo Valentino's sexually-explicit media and Sexual Devices; and

(d)   insofar as the Adult Licensing and Zoning Codes subject a person to a fine or imprisonment for violating conduct provisions (see §§ 18-297 & 86-76) without requiring that any such violation to be "knowingly" committed, the adult codes arbitrarily impose strict liability for exceeding the County's threshold for protected speech.

54.

The County has deprived Tokyo Valentino of its property rights and liberty interests to operate a business free from

arbitrary and capricious interference from the government by
enforcing these vague code sections.

COUNT 2

42 U.S.C. § 1983: FREE SPEECH CLAUSE VIOLATIONS

55.

Tokyo Valentino realleges each fact set forth in
paragraphs 1 through 51 of this Complaint and incorporates
them here by reference.

56.

The County's actions have deprived, and will continue
to deprive, Tokyo Valentino of rights protected by the First
Amendment, in that, inter alia:

(a)   The Adult Licensing and Zoning Codes (namely §§
      18-292, 18-295(a)(3), 18-297(a)(1), 86-75(a)(3),
      86-76(a), and 86-71) and the Resolution infringe
      upon expressive conduct (1) without serving a
      substantial or compelling governmental interest,
      (2) by censoring based upon disagreement with the
      message, and (3) without narrowly tailoring their
      prohibitions to avoid chilling protected
      expression;

(b)   The Adult Licensing and Zoning Codes (namely §§
      18-292, 18-297(a)(1), 86-76(a), and 86-71), by
      defining adult entertainment establishments (and

adult bookstores and adult video stores) to
include those stores having only 10% of floor
space (or 5% of "net sales") dedicated to sexually
explicit media, and by banning any advertising
anywhere without a "license," unjustifiably sweep
a substantial amount of protected speech and
expression with their purview and are therefore
overbroad, underinclusive, and otherwise not
narrowly tailored to serve a substantial or
compelling governmental interest;

(c)   The Adult Licensing and Zoning Codes (namely §§
18-292, 18-295(d)(8), 18-297(a)(1), 86-74(d)(8),
86-76(a), and 86-71) fail to provide fair warning
of what conduct is prohibited and also encourage
arbitrary enforcement and are therefore void for
vagueness;

(d)   The Adult Licensing and Zoning Codes and
Resolution fail to provide for adequate
alternative avenues of communication for sexually
oriented expression;

(e)   The Adult Licensing and Zoning Codes, as
interpreted by the County, unlawfully reduce both
the quantity and accessibility of erotic speech
and expression with the County;

(f)   The Business Licensing Code, as applied to Tokyo Valentino, imposes an impermissible prior restraint because it (1) fails to mandate prompt decision-making by the licensing authority, and (2) vests the Licensing and Revenue Manager with unbridled discretion to delay and decide occupation tax certificate applications;

(g)   by threatening to revoke Tokyo Valentino's occupation tax certificate and by adopting the Resolution in reaction to the store's request for guidance, the County has retaliated against Tokyo Valentino for stocking and displaying the Media, which is retaliatory action that would chill a person of ordinary firmness from selling Media, and which is causing damages; and

(h)   the Resolution imposes an impermissible prior restraint.

57.

The County has deprived Tokyo Valentino of its property rights and liberty interests to operate a business free from retaliation from the government for stocking and displaying sexually explicit media.

COUNT 3

O.C.G.A. § 9-4-1: Declaratory Judgment

58.

Tokyo Valentino realleges each fact set forth in paragraphs 1 through 51 of this Complaint and incorporates them here by reference.

59.

In addition to seeking declaratory relief under 28 U.S.C. § 2201, the Court has supplemental jurisdiction over the state law issues raised by the complaint under 28 U.S.C. § 1367.

60.

The state law issues presented here are neither novel nor unsettled; however, a bona fide dispute exists between the parties.

61.

Tokyo Valentino is uncertain as to its rights and remedies under the County's land use ordinances, and under the Constitutions of the United States and laws of the State of Georgia (as interpreted by the County).

62.

On the one hand, Tokyo Valentino believes that its business format is lawful because it does not fall within the definitions of an "adult entertainment establishment" under adult codes.

63.

On the other hand, if the County is correct that Tokyo Valentino's display of sexually explicit media and Sexual Devices triggers regulation under the adult codes, then Tokyo Valentino wishes the Court to declare the adult codes unconstitutional for all the reasons stated in Counts 1 and 2 of this complaint.

64.

Tokyo Valentino is entitled to have this Court declare its federal rights under the First and Fourteenth Amendments as those rights are restricted by the County's ordinances.

65.

If the Court holds that the adult codes and the business licensing code are unconstitutional (as articulated in Counts 1 and 2), Tokyo Valentino will be entitled to operate its business on the Premises as a lawful nonconforming use.  This is because the County's land-use ordinances were unconstitutional when Tokyo Valentino established its business, and those ordinances remain unconstitutional today.  Ordinances enacted after the opening of the business have no retroactive effect under the Fourteenth Amendment and, it is believed, under the applicable zoning ordinances which allow nonconforming uses to continue in existence.

WHEREFORE, Tokyo Valentino prays:

(a)   That as to Counts 1, 2 and 3 of this Complaint, the Court declare Tokyo Valentino's rights and liabilities and, as appropriate, enjoin the County from unlawfully interfering with Tokyo Valentino's lawful operation;

(b)   That as to Counts 1 and 2 of this Complaint, the Court award nominal and compensatory damages to Tokyo Valentino;

(c)   That the Court grant a trial by jury on all issues so triable;

(d)   That the Court grants Tokyo Valentino its reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial; and

(e)   That Tokyo Valentino be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

WIGGINS LAW GROUP

BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW
Atlanta, Georgia 30303

```
Telephone:  (404) 659-2880
Facsimile:  (404) 659-3272
```
cary@wigginslawgroup.com

DECLARATION

(28 U.S.C. § 1746)


    I, Michael Scott Morrison, do declare as follows:

    1.    I am Michael Scott Morrison.

    2.    I am the Manager of the plaintiff limited
liability company and am authorized to execute this
Declaration on behalf of Plaintiff Tokyo Valentino, LLC.

    3.    I have read the foregoing Complaint, and all of
the facts alleged in the Complaint are true and correct.

    4.    I declare, under penalty of perjury, that the
foregoing is true and correct.


Dated: July 22, 2015.


                      /s/ Michael Scott Morrison
                     Michael Scott Morrison