IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOKYO GWINNETT, LLC, d/b/a Tokyo Valentino, <br><br> Plaintiff/Counter-Defendant <br><br> v. <br><br> GWINNETT COUNTY, GEORGIA, <br><br> Defendant/Third-Party Plaintiff/ Counter-Claimant, <br><br> v. <br><br> MICHAEL S. MORRISON, et al., <br><br> Third-Party Defendants. | CIVIL ACTION FILE <br> NO. 1:15-CV-2606-TWT |

OPINION AND ORDER

This began as an action to enjoin Gwinnett County's adult entertainment establishment ordinance. After years of litigation, the only remaining claim was the County's counterclaim seeking an injunction to close the Plaintiff's business. The Court entered a Permanent Injunction [Doc. 200] on September 21, 2022. This matter is presently before the Court on the Plaintiff Tokyo Gwinnett LLC and Third-Party Defendants Michael S. Morrison, F.E.G. Holdings, LLC, Alfred Jay Nault and Matthew Tripp's (collectively, "Tokyo") Emergency Motion for Injunction Pending Appeal [Doc. 205]. In essence, Tokyo seeks a stay of the Permanent Injunction pending appeal. For the reasons set forth below, the Motion is DENIED.

## I.  Background

This case has been pending before the Court for over seven years. On April 6, 2022, the Court granted the Defendant Gwinnett County, Georgia's Motion for Summary Judgment as to the Plaintiff's claims and reserved ruling on the County's counterclaim and third-party claim for injunctive relief. [Doc. 188]. On September 21, 2022, the Court granted the County's Motion for a Permanent Injunction and permanently enjoined Tokyo from operating an adult establishment at 1950 Pleasant Hill Road, Duluth, Georgia, among other actions. [Docs. 199, 200]. The Court also entered a final judgment incorporating the Permanent Injunction by reference and closed this case. [Doc. 201]. Tokyo filed a Notice of Appeal, [Doc. 202], followed by this Emergency Motion for Injunction Pending Appeal, [Doc. 205].

In its Motion, Tokyo argues that because it seeks to preserve the status quo pending appeal, it is only required to demonstrate that its appeal presents a serious legal question. (Emergency Mot. for Inj. at 9-10). Tokyo also asserts that, because the Court's Order granting summary judgment will be subject to de novo review on appeal, the Court should conclude that there is at least a possibility it erred in its analysis of Tokyo's free speech claim. (*See id.* at 10-11). Tokyo also contends that the Court should have applied the proportionality test to that claim and that its equal protection claim was "viable," both of which create serious legal questions on appeal. (*Id.* at 13-15). Further, Tokyo asserts that the Court erred by enjoining the individual third-party defendants. (*Id.* at 16). Finally, Tokyo argues that the remaining "preliminary injunction" factors weigh in its favor because it will suffer irreparable

2

harm to its business if the Permanent Injunction takes effect, the risk of harm to it far outweighs any harm to the County if a stay is entered, and the public interest favors remedying First Amendment violations. (*Id.* at 16-18).

In response, the County argues that Tokyo's contentions that it does not operate as an adult establishment are directly contradicted by the record and its continued sale of thousands of sexual devices, which the County contends is not protected speech under the First Amendment. (Def.'s Br. in Opp. to Emergency Mot. for Inj. at 2-3). In any event, the County asserts, Tokyo did not raise a protected speech argument at the summary judgment stage and, even if it had, the County's actions passed the proportionality test. (*Id.* at 11-12). Additionally, the County contends that the County Director's interpretation of the zoning code as applied to Tokyo does not present a serious legal question because the Eleventh Circuit held in a prior appeal of this case that the authority to discern a business's land use rests solely with the Director. (*Id.* at 9-10). Lastly, the County asserts that Tokyo's equal protection claim does not present a serious legal issue and that Tokyo admitted in its response to the Motion for a Permanent Injunction that it would be appropriate to enjoin the Third-Party Defendants. (*Id.* at 12-13). And, the County argues, the remaining stay factors do not weigh in Tokyo's favor because it cannot establish irreparable harm without having suffered a constitutional violation, and it can operate in compliance with the Permanent Injunction by modifying its stock and renewing its tobacco store license. (*Id.* at 14-15).

3

## II.     Legal Standards

In general, the filing of a notice appeal divests the district court of jurisdiction and "its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The district court retains jurisdiction, however, "to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990). Rule 62(d) permits the district court to suspend a final judgment granting injunctive relief pending an appeal of that judgment, "on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The grant of a stay pending appeal is

> an exceptional response granted only upon a showing of four factors: (1) that the movant is likely to prevail on the merits on appeal; (2) that absent a stay the movant will suffer irreparable damage; (3) that the adverse party will suffer no substantial harm from the issuance of the stay; and (4) that the public interest will be served by issuing the stay.

*Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Nohr v. Jang*, 2016 WL 11740965 at *1 (N.D. Ga. Nov. 15, 2016). The first factor is the most important, and while the movant must typically show a probability of success on the merits of the appeal to be entitled to relief, a stay may also be granted if the movant has a "substantial case on the merits" and the remaining factors weigh heavily in favor of granting the stay. *Garcia-Mir*, 781 F.2d at 1453. Additionally, when a government entity is the nonmovant, the third and fourth factors merge together. *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1271 (11th Cir. 2020).

III.  Discussion

To set things straight from the start, Tokyo misconstrues the procedural posture of this motion and the applicable law, however slightly. The relief sought is not a "preliminary injunction" but rather a stay of the Permanent Injunction through the conclusion of Tokyo's appeal. (*See* Emergency Mot. for Inj. at 16; Reply in Supp. of Emergency Mot. for Inj. at 1); *Nken v. Holder*, 556 U.S. 418, 421 (2009) ("A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it."). Moreover, Tokyo's argument that it is entitled to preserve the status quo is misguided, as "[a] stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427 (quotation marks and citations omitted).

As to the stay factors, the Court is satisfied that Tokyo has not made the requisite showing here. *See Garcia-Mir*, 781 F.2d at 1453. First, the majority of Tokyo Gwinnett's arguments as to the merits of its appeal read more like a motion for reconsideration, in that they point out supposed errors that the Court made. (*See, e.g.*, Emergency Mot. for Inj. at 10, 16 (asserting that "[t]he Court should at least entertain the possibility that it erred in its approach . . . .")). Of course, there is always a possibility of district court error—that is the reason that appellate courts exist. But the first factor asked Tokyo to show that it is "likely to prevail on the merits on appeal," not simply that there is a "possibility" that it will. *See Garcia-Mir*, 781 F. 2d at 1453. Here, Tokyo waived the Court's consideration of the first factor by asserting

that it need not show "that it has a substantial likelihood of prevailing" and that, instead, it need only show that it has a "substantial case" on the merits. (Emergency Mot. for Inj. at 8-10). Specifically, Tokyo has not argued that it is likely to succeed on the merits of its appeal. Although Tokyo is correct that a stay can be granted without showing a likelihood of a successful appeal on the merits, in order to grant a stay in such circumstances, the Court must find that the remaining factors weigh heavily— and not just tipping the balance—in Tokyo's favor. *See id.* For the reasons explained below, the remaining factors do not weigh in favor of issuing a stay.

As to the irreparable damage factor, it is arguable that Tokyo would suffer irreparable damage if a stay is not granted, in that it will be forced to restock or close its business under the Permanent Injunction. But this assumes that Tokyo has been operating legally in the first place, and the Court has already determined that it has not. *See* Order on Mot. for Summary J. at 18. Thus, this factor necessarily turns on the likelihood of a successful appeal as to Tokyo's challenge to the Court's determination that it has been operating illegally by failing to comply with the adult establishment ordinances. *See id.* at 9, 13. In any event, as the County concedes, the Permanent Injunction does not prevent Tokyo from operating a business at 1950 Pleasant Hill Road, just from operating one without a business license and with more than 100 sexual devices for sale. (*See* Def.'s Br. in Opp. to Emergency Mot. for Inj. at 15 ("All Tokyo has to do to operate lawfully is reduce its stock of sexual devices to less than 100, pay back fees, and reopen with the same (renewed) tobacco license that it obtained in 2015.")).

Even assuming the second factor tips in Tokyo Gwinnett's favor, however, it is still not entitled to a stay. The third and fourth factors, which consider the harm to the County and the public interest, are certainly not satisfied here. *See Gonzalez*, 978 F.3d at 1271 (noting that the third and fourth factors merge when the government is the nonmovant). Were a stay of the Permanent Injunction to issue, the County would continue to suffer harm via its inability to enforce the Unified Development Ordinance and the Gwinnett County Code of Ordinances against Tokyo, as it has for over seven years. *See Garcia-Mir*, 781 F.2d at 1453. Moreover, as the Court noted in its Order granting summary judgment, the adult establishment ordinances serve the substantial government interest of protecting Gwinnett County citizens from the documented secondary effects of adult establishments. Order on Mot. for Summary J. at 13-14. Therefore, the County stands to be damaged by a stay that would prevent it from abating those secondary effects. For the same reasons, the stay Tokyo proposes would not serve the public interest. *See Garcia-Mir*, 781 F.2d at 1453. Accordingly, Tokyo has failed to carry its burden of showing that a stay of the Permanent Injunction is warranted. *See Nken*, 556 U.S. at 433-34 (noting that the movant carries the burden of showing that a stay is warranted).

## IV.   Conclusion

For the reasons set forth above, Tokyo Gwinnett LLC and Third-Party Defendants Michael S. Morrison, F.E.G. Holdings, LLC, Alfred Jay Nault and Matthew Tripp's Emergency Motion for Injunction Pending Appeal [Doc. 205] is DENIED.

7

SO ORDERED, this ___27th___ day of October, 2022.

                                               /s/ Thomas W. Thrash
                                              THOMAS W. THRASH, JR.
                                              United States District Judge